80 U.S. 604 (____)
13 Wall. 604
DOOLEY
v.
SMITH.
Supreme Court of United States.

*605 Mr. Justice MILLER, who delivered the opinion of the court.
It is argued by counsel for defendant in error that no question cognizable by this court on a writ of error to a State court is presented by the record, while the counsel for plaintiff insists that the validity of the acts of Congress, making certain notes of the United States a legal tender in payment of debts, was the only question raised and decided in the court below.
We are satisfied, from a careful examination of the record, that this latter question was decided against the validity of those statutes, and that such a decision was essential to the judgment rendered by the court.
Dooley being indebted to Smith in a sum of nearly $10,000, evidenced by a note, and made a lien on land by mortgage, filed his petition in the proper State court of Kentucky, alleging that on the 6th day of January, A.D. 1868, the amount due on the note was $9843.92, and that on that day he tendered to Smith that sum in United States legal tender treasury notes, commonly called greenbacks, which Smith refused to receive, and to surrender the note, though he had demanded it. He now brings said legal tender notes into court, and again tenders them, and prays for a delivery of his note and for such other relief as may be proper. He also alleges a prior tender in 1864, but this may be dismissed from further consideration, as he offers the amount due in 1868, without reference to the first tender.
To this petition Smith filed a general demurrer.
While this suit was pending the defendant, Smith, brought an action in the same court to recover the amount due on *606 the note, and to this action Dooley answered, referring to his petition in the former case, and making his allegation therein, of a tender, his answer in this case, and praying that the two be consolidated, which was ordered by the court. Smith demurred generally to Dooley's answer.
On these pleadings the case was submitted to the court, which ordered both demurrers to be sustained and rendered a judgment for Smith for the amount due, with interest until paid, without regard to the tender. This judgment was affirmed by the Court of Appeals of Kentucky, to which the present writ of error is directed.
Some attempt is made in argument to show that the court might have rested its judgment on the insufficiency of the amount tendered without regard to the character of the currency offered; but as the petition of plaintiff, Dooley, which is adopted as his answer in the suit of Smith, expressly avers that by reason of payments already made, the sum due on the day of the tender was the precise sum tendered, this fact must be taken as confessed by the demurrer of Smith. As regards the sufficiency of the tender of 1864, it is immaterial, as it was not relied on by the plea.
So, also, the argument that the tender paid into court having been withdrawn before judgment, that fact justified the judgment, is answered by the record, which shows that it was withdrawn by a consent order of the court, which provided that the legal effect of the tender should be the same as it would be if the money remained in court.
If the tender was good its effect was to stop the running of interest, and the judgment of the court gave interest expressly, as though no tender had been made.
In short, it is not possible to examine the record and discover any ground on which the plea of tender by Dooley was held bad on demurrer but the fact that it was made in legal tender notes of the United States.
This court, therefore, has jurisdiction.
The recent decision here, overruling Hepburn v. Griswold,[*] *607 and holding these notes to be a valid tender in payment of contracts made before the enactment of the legal tender statutes, as well as those made since, decides the case before us on the merits, and dispenses with further argument.
JUDGMENT REVERSED, and the case remanded, with directions to that court for further proceedings
IN CONFORMITY WITH THIS OPINION.
Mr. Justice FIELD, dissenting.
The Chief Justice, Mr. Justice Clifford, and myself, dissent from the judgment of the majority of the court just rendered. The question presented is whether a contract for the payment of dollars made previous to February 25th, 1862, can be satisfied, against the will of the holder, by a tender of United States notes equal in nominal amount to the sum due on the contract. This question depends, of course, for its solution upon the validity and constitutionality of that provision of the act of 1862, which makes these notes a legal tender in payment of debts. We have recently had occasion to express on this subject our views at large, and to them we adhere. We have considered with great deliberation the views of the majority, who differ from us, and we are unable to yield our assent to them. With all proper deference and respect for our brethren, we are constrained to say that, in our judgment, the doctrines advanced in their opinions on this subject are not only in conflict with the teachings of all the statesmen and jurists of the country up to a recent period, and at variance with the uniform practice of the government for nearly three-quarters of a century, but that they tend directly to break down the barriers which separate a government of limited powers from a government resting in the unrestrained will of Congress.
We are therefore compelled by every consideration of duty which may be supposed to govern judicial officers on this bench, to express on all proper occasions our dissent from what we regard as a wide departure from the limitations of the Constitution. Those limitations must be preserved, *608 or our government will inevitably drift from the system established by our fathers into a vast centralized and consolidated government.
NOTES
[*] Legal Tender Cases, 12 Wallace, 457.